Good morning, everyone. My name is Jorge Artiella. I'm the attorney for the respondent, Ms. Espinal. This is a petition for review from a BIA affirmance of an immigration judge removal order. And the issue, the way Ms. Espinal sees it, is whether exception to the categorical approach can be added the way Madre Bautista has set it up. Ms. Espinal is a lawful permanent resident. She obtained it through her parents, who are both lawful permanent residents. Her two-year-old child is a United States citizen, and our whole family has some sort of status. In 2010, she was convicted of Maryland statutes, an indivisible statute in Maryland, as to, is arson. Why don't you just go right ahead? We know the record. Why don't you tell us why you think the board is wrong? The board is wrong because they are adding an exception to the categorical approach, which is not permitted. The modified categorical approach has the, how do you determine an aggravated felony, has the categorical approach tool, the modified categorical approach tool, and the exception by Nijawan that looks into the circumstance-specific. And Madre Bautista wants to add a new exception by calling an element, which is crucial for a conviction, a jurisdictional element, and based on that, just decide that you can do away with an element and pretty much destroy the categorical approach as understood by the Supreme Court. And I think that's the issue that we see here. Why Bautista is wrong is because it considered a jurisdictional element something they can just do away with. Can you tell us any statute enacted by any state in the nation that has a federal jurisdictional component? No, it doesn't, but it doesn't matter. And that's a question that is raised through all the circuits, the 5th, the 7th, the 8th, the 9th, that because there's no state statute with a federal jurisdictional statute, it means that no crime, in this case arson, can ever become an aggravated felony. And that's not true because an arson could become, not under 844I, but it can become a crime of violence aggravated felony. And as a matter of fact, matter of mootness, number one, that I mentioned in my brief, the dissent names many crimes that would not qualify, that the dissent claims would not qualify as aggravated felonies just because they don't have the jurisdictional element. However, they could qualify as crimes of violence aggravated felonies. They could qualify as crime involved in moral turpitude. They can qualify in removal proceedings for purposes of deciding discretion. Well, under this, is that your answer to the term aggravated felony applies to an offense described in this paragraph, whether in violation of federal or state law? How do you read that? Well, the way I read it is... Is that your answer? Well, the way I read that, that's a penultimate paragraph, is the way the Supreme Court reads it in Lopez v. Gonzalez, that it can serve two purposes, but never to swallow the entire aggravated felony rule. They can serve purposes of deciding what an aggravated felony is. Wouldn't your interpretation not swallow violation of state law? I'm sorry? Wouldn't your interpretation swallow violation of state law? If you have to have the federal nexus in the state law crime? If you have to have the federal... Interstate nexus. Yeah, if you have to have an interstate nexus. But what do you do with state law, out of what I just read? How does that ever apply? To find an aggravated felony? Yes. It's really easy. You categorize them as aggravated felonies under the crime of violence. For example, arson and the matter of Palacios. And I think Fourth Circuit also, the case, excuse me, but has also found that state arson could qualify as a crime of violence. And that's why you don't need to find this arson as an arson for purposes of aggravated... So an aggravated felony has to be a crime of violence? No, arson could be a crime of violence. The problem with the penultimate sentence is that it's assuming that if you don't find this type of state arson, an aggravated felony under H44I, you will never find it an aggravated felony. And as a matter of fact, they went so far as to say that no state crimes that have no jurisdictional elements will ever be an aggravated felony, and that's not true. You can find an aggravated felony as a crime of violence, and that's not the end. For example, in ICE... So you think for that, for the term violation of state law, here you have to look at another statute to understand not just what this means, but to find the existence of that state law violation? It's not in this statute. You necessarily have to look to other federal statutes on aggravated felonies. Yeah, for purposes of the categorical approach, that's what you say. You have to match the elements with the elements, at least for H44 purposes. You have to match the elements. In this case, H44ES doesn't have... the state arson statute does not have the jurisdictional element. But it looks like the government is... or Bautista, I'm sorry. Bautista is deciding that the jurisdictional element... If we say, if we were to decide that the jurisdictional comment is not an element, do you lose? Yeah, well, the categorical approach would be destroyed pretty much, and yes, in that case, yeah. Because the understanding of the Supreme Court is either use a tool with categorical, modified categorical, or the other one... But under your approach, as you see it, if that is not an element of the crime, then the argument fails. In this case, yes. Appreciate your honesty. Thank you very much. Yes, but remember that all these circuits have held... I'm not saying you do. I'm just asking on that hypothetical. But it's not... what I'm saying is that, in one footnote, that the Third Circuit said that if you don't find an H44 under... if you don't find an arson state, state arson conviction, an aggravated felony under H44, there's other ways of finding it. It's not the end of the inquiry. There's ways to set it up. Because they set it up in such a tone that's so fatal that if you don't find it here, you're never going to find it anywhere, and that's not true. So there's ways of... as the footnote in the Third Circuit said, it's only a way of stopping, what's it called, mandatory removal. But there's other ways that Immigration and Customs Enforcement can go in and charge the person. But to the jurisdictional element, in the camps, and Alito and his dissent in the camps actually... that an element is something that a jury would... if they don't find it, will be hung and they could not decide on the guilt of someone. They never decided whether the importance or the difference... they never differentiated an element based on how you add an adjective to that word, jurisdictional element or not. If it's an element that a jury has to decide or the fact finder has to decide, then it's an element and it's important. So why did the Congress put state law in this definitional section of aggravated felony? And that's probably under state law under... what's in the definitional section? Well, it's in this penultimate paragraph of 8 U.S.C. section 1101-843. Yes. So what purpose was there to put state law in there? In the penultimate sentence, right, when it says it covers state law, it's telling you as just as Lopez and Gonzales found, not just Lopez and Gonzales, the Supreme Court said, that you can qualify or state, federal, and foreign law could qualify as an aggravated felony. But then again, it doesn't mean that you have to just do away with a catechorical approach. You still have to apply that. It doesn't swallow the entire rule. How would an offender of a foreign statute, a non-United States statute, how is that going to work? Yes, and the dissent came out with samples. Foreign alien smuggling, issuing ransom demands for hostages in Mexico, stockpiling explosive materials in France. Tell us where you're getting this from. This is a matter of Muniz 1. The dissent said, when would ever a foreign statute be an aggravated felony? Many ways. And I used to be a nice attorney, and I used to charge people and try to find different ways of charging aliens. The hostages in Mexico, crime of violence. Stockpiling explosive materials, crime of violence. Child pornography. Potentially abuse of a minor under the generic prong. Foreign alien smuggling. A C.A.M.T. I mean, there's different ways that you can be. So the purpose and intent of Congress in charging an alien in different ways is not destroyed by not finding arson, an aggravated felony under 844. There's different ways that you can do it. You could also bring a jurisdictional claim as one of crime of violence, too, couldn't you? Well, the crime of violence, if you would charge, I think, well, you have to look at how it's defined under, I think it's 18B. Well, there's two prongs on how you define it, but if it's a state crime or it's a foreign crime, as long as it meets the elements of the crime of violence, the way it's defined under the statute, which I might be mistaken, but I... Is the federal statute ambiguous? It's, this one is not, the statute is not ambiguous. It's clear that Congress, by defining aggravated statutes in really specific ways, by having... The last sentence there, sort of... It covers. Federal. State, federal, and foreign. But, again, I would go back to Lopez de Gonzalez that says, it didn't say that it swallows the entire aggravated felony statute. It just says that you may, at some point, if it falls within the categorical, if using the categorical approach, you find is an aggravated felony, then nothing escapes. But you'd still, but still doesn't mean that you don't use the categorical approach. That's what I'm saying, that the statute doesn't mean that you take everything. Otherwise, Congress would have set the aggravated felony with just generic crimes. Why bother with all the details on section after section, described in, defined in? If we determine... I'm sorry about that. No. And the reason is that, well, the penultimate sentence went back to Castillo v. Rivera in the Ninth Circuit. And that's probably ground zero for all this confusion. And in Castillo, when they said that there's no other way to interpret the penultimate sentence because otherwise no state... What do we do if we think it's ambiguous? What do we do to resolve the ambiguity? Well, the way you would do it is, well, in that case, if it's ambiguous, just in favor of Mrs. Spinell under the rule of... Why so? Because, I think because, well, different judges... You're saying rule of entity? Well, probably... Well, if there's an ambiguity, why is it in her favor? Well, in that case, just to answer your question, Mrs. Spinell does not believe that there's an ambiguity here. I didn't say that. I said if we find... I'm sure she doesn't. She thinks it's unambiguous in the way she reads it. Yes. But I'm asking, if it is ambiguous, how do we resolve that ambiguity so that we know what the statute means so we can apply it? If the way you do it... The way I would do it, just to go back to Castillo, which is... It started all this. The research is poorly done. It's really simple. And then... I'm not asking you any specifics. What's the general rule you have us follow to resolve an ambiguity in that statute? If there was an ambiguity, I would... Then the way I would do it is... Would we ordinarily give Chevron deference to the agency's interpretation? Okay. Well, I wouldn't in this case just because, based on my argument, it's probably not a reasonable way of interpreting Bautista, that the Supreme Court, that adding a new categorical approach rule, an exception that is not there, it's only one exception. That's the way I would do it. It's not reasonable because the way they interpret it based on Castillo is just... Okay, so you would say we would not defer to the agency because their interpretation is unreasonable. That's correct. Then what would we do? Then, based on the... Well, I would suggest that... Respectfully suggest that you follow the Third Circuit, which has a really good... Sorry. Has a really good... Developed the words, the plain language, how they found it described in versus the placement within all the statutes. We would just look at statutory construction rules and we would decide what it means. Yes, yes. That's what I meant. And I see my time is up in 15 seconds. You reserved some time. Yes, sir. Thank you very much. You're welcome. Mr. Tucker. May it please the court. Colin Tucker for the Attorney General. The facts in this case are, the essential facts at least, are undisputed. I think it's clear enough what the relevant legal issues are. That being the case, I'm prepared to move right to questions. Move. Explain why you win under the legal arguments. Explain why you win. You've heard why you don't win. Our best argument, I think, Your Honor, is the penultimate sentence, which states that every offense defined under the aggravated felony statute is an aggravated felony, whether in violation of federal or state law. Is the statute ambiguous? I don't believe it is, Your Honor. The government's position is that it is not an ambiguous statute. Following from that, the government's position is also if the court disagrees, then it should apply step two of Chevron and defer to the board's interpretation as reasonable. I think that we see one. Sorry. Appreciate you willing to stand on your brief then. No further questions for you. Thank you very much. In closing, the petition for review should be denied. Thank you. Okay. Thank you very much. Anything further? If the court has any more questions. Do you have any questions? No more questions. Thank you very much. We thank both of you for your argument. We will have the clerk adjourn the court and then we'll step down to Greek counsel.
judges: Dennis W. Shedd, G. Steven Agee, James A. Wynn, Jr.